## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHIEF MICHAEL S. OWL** | ) | |
| **FEATHER-GORBEY,** | ) | 2:17cv1540 |
| | ) | Electronic Filing |
| Plaintiff, | ) | |
| | ) | Judge David Stewart Cercone |
| v. | ) | |
| | ) | |
| **MICHAEL FRAZIER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on an "Renewed Notice of Appeal" (ECF No. 5) filed

by Plaintiff, Michael S. Owl Feather-Gorbey ("Gorbey"),[1] requesting review of the magistrate

judge's Order of December 4, 2017 (ECF No. 2), which transferred this matter to the Middle

District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). (ECF No. 5). Upon review of the

matter raised by Gorbey, the Court concludes that (1) Gorbey's appeal is untimely and (2) even

assuming *arguendo* that the appeal was timely filed, the Order appealed from is neither clearly

erroneous nor contrary to law. Therefore, Gorbey's appeal will be dismissed.

---

[1] The Federal Bureau of Prisons Inmate Locator lists Plaintiff's name as "Michael Steven
Gorbey" and lists his current location as Cumberland FCI. *See* https://www.bop.gov/inmateloc/.
Although Gorbey has not filed a Change of Address with the Court, the Court will send this
Memorandum Opinion and Order to him at both his listed address of record, USP Canaan, and at
the address listed on the BOP inmate locator, Cumberland FCI.

**Procedural History**

A.   Case Filed in the Western District of Pennsylvania

Gorbey commenced this case on November 27, 2017, by the filing of a motion for leave

to proceed *in forma pauperis*, with an attached civil rights complaint.  The case was referred to

Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate

Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.  Pursuant

to 28 U.S.C. § 1915A, the magistrate judge screened the complaint prior to service.  The

magistrate judge found that Gorbey was raising claims concerning the conditions of his

confinement at USP Canaan, which is located in Waymart, Wayne County, Pennsylvania, which

is within the territorial boundaries of the United States District Court for the Middle District of

Pennsylvania. 28 U.S.C. § 118(c).  The complaint reflected that none of the parties were located

in the Western District of Pennsylvania and none of the events giving rise to Gorbey's claims

occurred in the Western District of Pennsylvania.  Thus, the magistrate judge concluded that the

Western District of Pennsylvania was an improper venue under 28 U.S.C. § 1391(b).

Having determined that venue in the case was improper in this district, the magistrate

judge decided that, in the interests of justice, rather than dismiss the case, the case should be

transferred to the Middle District of Pennsylvania ("MDPA") where venue was properly laid

pursuant to 28 U.S.C. § 1406(a).

On December 4, 2017, the magistrate judge entered an Order transferring this case to the

MDPA.  (ECF No. 2). The magistrate judge deferred to the transferee court a ruling on Gorbey's

*in forma pauperis* motion.  On December 19, 2017, a "Rule 36 Motion to Correct Clerical

Mistakes, Motion for Hearing" was filed by Gorbey. (ECF No. 3.) Notably, in that motion, Gorbey did not object to the transfer of the case, but rather sought to correct the list of defendants named in his complaint. Specifically, Gorbey stated in his motion, "Where, Even though the case has been transfer (sic), the Record should Reflect the proper Defendants." *Id.* On January 4, 2018, the magistrate judge entered a Text Order deferring ruling on the Motion to Correct Clerical Mistakes and Motion for Hearing to the transferee court. (ECF No. 4).

On January 3, 2018, the case was transferred electronically to the MDPA. Six months after the transfer, on July 10, 2018, the Court received the instant "Renewed Notice of Appeal." (ECF No. 5). Plaintiff states that he originally submitted for filing a "Notice of Appeal" dated January 7, 2018, but that document was returned, unfiled, to him by the Clerk's Office with a handwritten notation stating, "You have no cases in this court. The case you reference was transferred to the Middle District of PA. All filings should be sent there." (ECF No. 5-1). Plaintiff does not indicate when he submitted the original notice of appeal for filing or when he received the returned, unfiled, notice of appeal.

B.    Case Transferred to the MDPA

As stated *supra*, the case was transferred electronically to the MDPA on January 3, 2018. The case was given case number 3:18-cv-00020 and assigned to District Judge Robert D. Mariani. On February 20, 2018, Gorbey filed a second motion for leave to proceed *in forma pauperis* with the MDPA. The docket in the MDPA case reflects that, to date, Gorbey has not filed in that court any motion objecting to the transfer of the case to the MDPA.

On February 28, 2018, the Court of Appeals for the Third Circuit docketed a Petition for Writ of Mandamus filed by Gorbey. *See* Docket C.A. No. 18-1414, United States Court of Appeals for the Third Circuit. Named as "nominal respondents" were Magistrate Judge Cynthia R. Eddy of the WDPA and District Judge Robert Mariani of the MDPA. On April 6, 2018, the court of appeals denied Gorbey's request for mandamus relief, finding in relevant part as follows:

> To the extent that Petitioner's mandamus petition complains about the order transferring his civil action from the United States District Court for the Western District of Pennsylvania ("the WDPA") to the MDPA, . . . . Petitioner has not demonstrated that this case is the rare instance where mandamus relief would be warranted. . . .

> Lastly, to the extent that the petition could liberally be construed as seeking to recuse the magistrate judge who was assigned to Petitioner's case in the WDPA and/or the district judge who is presiding over Petitioner's case in the MDPA, that request is denied.

On April 11, 2018, Judge Mariani denied Gorbey's motion for *in forma pauperis* finding that Gorbey "is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g)" and that he had not shown that he was in imminent danger of serious physical injury at the time he filed his complaint. *See* Memorandum Opinion dated April 11, 2018. On July 8, 2018, Gorbey filed a Notice of Appeal, which was docketed at the Court of Appeals on July 12, 2018, at Case No. 18-2536. That appeal remains pending.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631 - 639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law"

for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord*

Fed.R.Civ.P. 72(a), (b); Local Civil Rule 72(C) and (D).

District courts within the Third Circuit have held that orders which do not terminate the

matter in federal court, such as orders transferring venue, are not dispositive because they do not

result in a decision on the merits or a determination of federal jurisdiction. *Jones v. Wetzel*, Civ.

Action No. 4:13-1718, 2013 WL 3381435, at *1 (M.D.Pa. July 8, 2013); *Franklin v. GMAC*, Civ.

Action No. 13-46, 213 WL 140042, at *1 n.1 (W.D.Pa. Jan. 20, 2013); *Holley v. Robinson*, Civ.

Action No. 10-585, 2010 WL 1837797, at *2 (M.D.Pa. Apr. 2, 2010); *Berg v. Aetna Freight*

*Lines*, Civ. Action No. 07-193, 2008 WL 2779294, at *1 n.1 (W.D.Pa. July 15, 2008) (collecting

cases). Therefore, the decision to transfer a case rests within the jurisdiction and sound

discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal

to the district court. *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (holding

that a dispositive order is one that "terminates the matter in federal court"). Under 28 U.S.C. §

636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72(C), a party within

fourteen (14) days of the entry of an order on a nondispositive matter by a magistrate judge may

file objections to that order.

Thus, the magistrate judge's Order of December 4, 2017, was for a non-dispositive matter

under 28 U.S.C. § 636(b)(1)(A) and will not be disturbed unless it is found to be clearly

erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573

(1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). Further, any objection or appeal of the Order of December 4, 2017, should have been filed within fourteen (14) days after the date of service of the order.

**Discussion**

A.    Timeliness of Appeal

The general practice for the Clerk of Court for the Western District of Pennsylvania upon a magistrate judge's entry of an order to transfer is to transfer the case only after the appeal period has passed. In keeping with this practice, the instant case was electronically transferred to the MDPA on January 3, 2018, thirty (30) days after the entry of the Order of December 4, 2017.

Under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72(C), Gorbey had fourteen (14) days to file objections or an appeal of the Order of December 4, 2017, to a district judge. Thus, at the time the case was transferred to the MDPA on January 3, 2018, the time for filing an appeal or objections to the magistrate judge's Order had expired.

In the instant Renewed Notice of Appeal, Gorbey appears to argue that his first appeal was improperly rejected and his renewed appeal must be promptly processed or he "will have to take administrative and civil action for damages." (ECF No. 5).[2] The first notice of appeal is dated January 7, 2018, which is well beyond the fourteen (14) day period for filing objections or an appeal of the magistrate judge's Order and notably four (4) days after the case had been transferred to the MDPA. However, even assuming *arguendo* that the first notice of appeal was

---

[2]    Because the magistrate judge's Order is neither clearly erroneous nor contrary to law, it is not necessary for the Court at this time to consider the appropriateness of the Clerk's office returning without filing Gorbey's first notice of appeal.

timely filed, for the reasons that follow, the notice of appeal would have been denied.

B.     The Magistrate Judge's Order Was Neither Clearly Erroneous Nor Contrary to Law

After a review of the complaint attached to Gorbey's motion for *in forma pauperis*, the Court concludes that the decision and Order of the magistrate judge to transfer this case to the MDPA was neither clearly erroneous nor contrary to law. At the time Plaintiff initiated the lawsuit, he was incarcerated at USP Canaan, which is located within the territorial boundaries of the MDPA. Plaintiff named twelve (12) defendants in his complaint, none of whom are located within the WDPA, *to wit*: eight (8) defendants are identified as Bureau of Prisons ("BOP") officers or employees working at USP Canaan; three (3) defendants are identified as BOP officials or employees located in the BOP Washington DC offices; and the remaining defendant is identified as a Regional Director of the BOP, located in the BOP Philadelphia, PA office. Thus, it is clear that none of the parties, including Gorbey, are located in the Western District of Pennsylvania.

Further, none of the events giving rise to Gorbey's claims occurred in the Western District of Pennsylvania. Rather, the events giving rise to this lawsuit involve conditions of confinement at USP Canaan, *inter alia,* fumes and lint in the cells; freezing temperatures in the cells; insufficient bedding; lack of sanitation of the prison-issued clothing; and "excessive ventilation" that "contributes to sickness and lung problems."

For these reasons, the Court concurs with the magistrate judge that venue was improper in the WDPA and the case was properly transferred to the MDPA. Accordingly, the Court will

affirm the decision of Magistrate Judge Eddy to transfer this case to the MDPA and Gorbey's appeal is **DENIED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Gorbey has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

It is so **ORDERED** this **30**th day of July, 2018.

David Stewart Cercone
Senior United States District Judge

cc:     Michael S. Gorbey
        33405-013
        U.S. Penitentiary Canaan
        Post Office Box 300
        Waymart, PA 18472

        Michael S. Gorbey
        33405-013
        FCI Cumberland
        P. O. Box 1000
        Cumberland, MD 21501